GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN C. HAKALA
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7522
Email: Kevin.Hakala@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 2:21-CR-00494-DWL-1 |
| Plaintiff, | |
| vs. | SENTENCING MEMORANDUM |
| Kelly Pichardo, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits the following sentencing memorandum in the above-captioned matter. Sentencing is currently set for July 26, 2022, before the Honorable District Court Judge Dominic W. Lanza.

Having reviewed the findings and recommendations in the Presentence Investigation Report ("PSR"), the Government has no objection to the guideline calculations and respectfully requests that this Court accept the plea agreement entered into by the parties in this matter. Consistent with our office policy, the Government will not withdraw from the plea agreement should Defendant seek, and the Court grant, a variance from the advisory sentencing guidelines. The Government hereby moves this Court to apply a two-level reduction in the offense level pursuant to U.S.S.G. § 3E1.1(a) for the Defendant's acceptance of responsibility.

The Government does not agree with the PSR recommendation for a sentence of 5 years' probation. Instead, the Government recommends a sentence of 4 months incarceration, which is at the low end of the guidelines and the maximum sentence permitted by the plea agreement entered into by the parties. The Government recommends this sentence and requests the Court not grant a downward variance and/or lower incarceration time for the following reasons.

The Defendant's actions were serious. She was both verbally and physically aggressive towards passengers and a flight attendant within a confined space in which there was no opportunity to escape. (PSR ¶ 9-10). The Defendant's abusive behavior made an elderly woman cry, a flight attendant receive a shove, and an African American passenger suffer racist abuse and contact with the defendant's saliva. (PSR ¶ 10,15). Spitting on a person in normal times is both insulting and a potential cause of harm. However, spitting on someone amid a global pandemic is even more serious. The Defendant could have exposed the victim to a disease if she were sick. Furthermore, the victim was moved from his first-class seat for his safety, losing out on a product and service he paid for due to the defendant's actions. (PSR ¶ 9). Because of the Defendant's conduct, a flight attendant was unable to perform his duties elsewhere on the plane. (PSR ¶ 14). This could have been problematic if another incident arose on the flight. The flight attendants are on the plane to provide service, but their main function is to care for the safety of the passengers. The flight attendant here was unable to do so due to the Defendant's antagonizing behavior.

Aside from the individuals directly affected by this incident, the Defendant's actions affected other parties. The flight was en route from Dallas to Los Angeles with no intention to stop in Phoenix prior to the incident. However, the Defendant caused such a disturbance that the flight crew made the decision to divert the aircraft to Phoenix to protect the safety of all others onboard. The diversion had a ripple of effects. The airline incurred additional costs such as landing fees and further fuel expenses. (PSR ¶ 18).

1 | Other passengers on the plane potentially missed their connecting flights from Los Angeles due to the delay, causing stress and hardship to the passengers and the airline.

This is the Defendant's seventh felony conviction. (PSR ¶ 34-36). Although five of these arose from one incident, the Defendant nevertheless has a criminal history category of III. (PSR ¶ 39). These offenses, especially a scheme to distribute 15 kilograms of cocaine from Puerto Rico in New York City, are extremely serious. (PSR ¶ 36). The Defendant's criminal history shows she has a lack of respect of the law. This is emphasized by the Defendant committing a crime in Yonkers, New York, while on pretrial release. (PSR ¶ 2). A sentence of 4 months incarceration, at the low end of the guidelines, serves as a deterrent for the Defendant to not commit additional crimes.

The Defendant would not be the only one deterred with this sentence. It would provide a general deterrent for the greater public to not act unruly on airplanes. This is incredibly important now, with an uptick in these incidents over the past year. With an increase in air travel this summer compared to years prior, there is a risk of more of these incidents occurring nationwide. A stronger sentence in this case will foster a respect of the law in not only the Defendant, but also the general public.

Respectfully submitted this 14th day of July, 2022.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Kevin C. Hakala*
>
> KEVIN C. HAKALA
> Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 14th day of July, 2022, to:

Ana Laura Botello, Esq.